KENNEDY, ET AL. VS HARRIS.

Opinion delivered October 10, 1900.

*1.  New Trial—Grounds—Notice of Suit—Service of Summons.*

Where it is shown by the record and by affidavits of defendant that summons was served upon him by leaving a copy, with his wife, at his home, which constituted a legal and valid service ,the fact that he was not notified of such service by his wife, and did not, therefore, have actual personal notice of the pendency of the suit, affords no ground for setting aside, on motion for new trial, a default judgment.

*2.  Married Women—Liable on Note Signed Jointly.*

In an action to recover the possession of mortgaged premises sold on foreclosure, it is no defense that one of the makers of the note and mortgage was a married woman, when same was executed.

*3.  Motion for New Trial—Time of Filing.*

Judgment was rendered against the defendants on Nov. 17th., and motion for new trial was not filed until December 7th., following. Under Mansf. Dig. Sec. 5153 (Ind. Ter. Stat. Sec. 3358) providing that motions for new trial must be filed within three days, except for certain causes, this motion was too late, as it was not based upon any of the causes excepted from the three days rule.

Appeal from the United States court for the Northern district.

WILLIAM M. SPRINGER, Judge.

Action by James A. Harris against Robert Kennedy and Katie Kennedy. Judgment for plaintiff. Defendants appeal from order denying a new trial. Affirmed.

The transcript in the case discloses the following facts: On the 31st day of August, 1895, James Gates sold to Robert

Kennedy and Katie M. Kennedy, his wife, a certain lot or parcel of land in the town of Wagoner, and on the same day Robert Kennedy and Katie M. Kennedy, his wife, executed to James Gates a mortgage on said premises to secure the purchase price of said lot or parcel of land. Kennedy and his wife made default in the payment of the mortgage, and on the 16th day of November, 1897, James Gates advertised and sold the property to the highest bidders, G. D. Sleeper and James A. Harris. Sleeper afterwards transferred his right in the premises to the appellee, James A. Harris, and on the 3d day of November, 1898, the appellee (the plaintiff below) commenced his suit in the United States Court for the Northern District of the Indian Territory, sitting at Wagoner, for the possession of said premises. On the 17th day of November, 1898, being one of the regular days of the November term of said court, a judgment was entered against the defendants on default, and judgment was rendered in favor of the plaintiff for the possession of the premises and for costs. On the 28th day of November, 1898, a writ of restitution and execution for costs was issued, and by virtue of said writ the plaintiff below was placed in possession of said lot. On the 7th day of December, 1898, the defendants below filed notice of, and a motion for, a new trial. The motion for a new trial is as follows:

"In the United States Court for the Northern District, Indian Territory, at Wagoner. James A. Harris, Plaintiff vs Robert Kennedy and Katie Kennedy, Defendants. Motion for a New Trial, to Arrest and Set Aside Judgment, and to Quash Writ of Possession. Comes the above-named defendants, and move the court to arrest and set aside the judgment herein, and grant a new trial, for the following reasons: (1) Because the complaint on which said judgment is founded does not state facts sufficient to constitute a cause of action; (2) for surprise which ordinary prudence could

not have guarded against; (3) that the judgment is not sustained by sufficient evidence; (4) that the judgment is contrary to law; (8) because the plaintiff herein is not the real party in interest; (9) because it is against right and justice; (10) because Katie Kennedy, herein mentioned, is a married woman, and was before and at the time when the cause of this action originated, and has no dowable interest in the subject-matter in the controversy herein, and is only a party in name, and therefore asks that as to her especially the judgment be set aside and held for naught, and plaintiff ordered pay all relating to her. Robert Kennedy. Katie Kennedy."

Indorsed: "James A. Harris, Plaintiff, vs Robert Kennedy and Katie Kennedy, Dfts."

In support of said motion, the defendants filed the following affidavits:

"In the United States Court for the Northern District, Indian Territory, at Wagoner.  James A. Harris, Plaintiff, vs Robert Kennedy & Katie Kennedy, Defendants.  Affidavit.  Mrs. Mary Williford states that she is the mother of Katie Kennedy, herein mentioned, and about twelve months ago she telegraphed to Mr. Bledsow, who then lived at ——, I. T., and who had been recommended to her as a lawyer of ability and integrity, to come and investigate the sale of the land which constitutes the controversy now pending between the above-named plaintiff and defendants, and in response to said telegram the aforesaid Bledsow came, and, after investigating the matter, reported to her that the matter was settled, and if the parties herein should receive notice from any one relating to the controversy herein to ignore it, for it would be for a bluff only.  Mary Williford.

"Subscribed and sworn to before me this the 7th day

of December, 1898.    Edward L. Moore, Notary Public.
[Seal.]   My com. ex. Nov. 21, 1902."

Indorsed: "167.   Affidavit of Mary Williford.   Filed
in open court Dec. 7, 1898.   James A. Winston, Clerk."

"In the United States Court for the Northern District,
Indian Territory, at Wagoner.    James A. Harris, Plaintiff,
vs Robert Kennedy & Katie Kennedy, Defendants.    Affida-
vit.   Katie Kennedy states that she is one of the defendants
in the above-entitled cause, and is the wife of Robert Ken-
nedy, herein mentioned, and was at the time the mortgage
that is filed by the plaintiff herein, and made a part of his
complaint, was executed to James Gates by Robert Kennedy;
that the summons that was issued in the above-entitled cause
was served on her, but she did not inform her husband, Rob-
ert Kennedy, one of the above defendants, of the service of
the aforesaid summons, for the reason that Mr. Bledsow,
whom the aforesaid Robert Kennedy employed about twelve
months ago to investigate the sale made at that time by
James Gates by virtue of the power contained in said mort-
gage, and after the said Bledsow investigated the sale, told
her that he had the matter forever settled, and should any of
the parties serve any papers on her thereafter to ignore
them, for the service would be for a bluff only; and, believ-
ing that Bledsow understood his business, she decided it
would be useless to inform Robert Kennedy of the aforesaid
service, for the reason that it would tend to lead him into
trouble with the parties, as well as create domestic unhappi-
ness.   Katie Kennedy.

"Subscribed and sworn to before me this the 6th day
of December, 1898.    Edward L. Moore, Notary Public.
[Seal.]   My com. ex. Nov. 21, 1902."

Indorsed: "166.   Affdt. of Katie Kennedy.   Filed in
open court, Dec. 7, 1898.   Jas. A. Winston, Clerk."

'In the United States Court for the Northern District, Indian Territory, at Wagoner. James A. Harris, Plaintiff, vs Robert Kennedy & Katie Kennedy, Defendants. Affidavit. Robert Kennedy states that he is one of the above-named defendants; that about twelve months ago he employed one Bledsow, who was recommended to him as being a lawyer of ability and integrity, to investigate the sale made by James Gates by virtue of a power of sale contained in the mortgage, in which he (Kennedy) was grantor, and James Gates was grantee, for which investigation he paid Bledsow ten dollars in cash, and, after he had made the investigation, he (Bledsow) told him that he had the matter forever settled, and if the parties served any more papers on him to ignore the service; that notice was served on him a short time after the mortgage sale, commanding him to vacate and deliver possession to the aforesaid Gates, which notice is hereto attached, and made a part of this affidavit; that he refused to give Gates possession, and Gates made no further attempt to take possession; that the consideration of the mortgage which he (Robert Kennedy) executed and delivered to Gates, and which mortgage is the same filed by plaintiff herein and made a part of his complaint, was not for borrowed money, but the amount mentioned as the consideration of the aforesaid mortgage is the price that he (Kennedy) was to pay Gates for the premises therein described; that said premises had no improvements on them at the time of purchase whatever; that he (Kennedy) has erected a house and made other improvements on said premises of the value of not less than two hundred dollars; that he has made thirty dollars' worth of improvements on the said premises within the last five months, believing at the time that he was making the improvements he had an unincumbered title to the premises; that he never received any information concerning the service of the summons on his wife, Katie Kennedy, issued in the above entitled-cause, until the evening

the marshal ordered him to deliver possession to James A. Harris, the above-named plaintiff; that James A. Harris told him that he purchased the property from Gates on the contingency that Gates would give him quiet and peaceable pos session, and placed the purchase price in the First National Bank of Wagoner, I. T., to be paid to Gates whenever Gates should give him quiet and peaceable possession, and not before.     Robert Kennedy.

"Sworn to and subscribed before me this the 6th day of December, 1898.     Edward L. Moore, Notary Public [Seal.]   My com. ex. Nov. 21, 1902."

On the same day (December 7, 1898) the motion for a new trial was overruled, and exceptions saved by defendants, and on the 8th day of December, 1898, an appeal was granted to this court.

Counsel for appellants assign the following as errors in the case: "The court erred in refusing to set aside the default, and also to arrest the judgment, for the following reasons: (1) On the grounds of surprise, because he had no notice of the suit. (2) Because the appellee is not the real party in interest; the title does not vest in appellee until he can get quiet and peaceable possession. (3) The judgment was not sustained by sufficient evidence. (4) The court should have set aside the default as to Katie Kennedy because she is and was a married woman at the time the mortgage was executed. She has not such legal existence as will authorize a personal liability. (5) The court erred in not arresting the judgment because the complaint does not state facts sufficient to constitute a cause of action, for the reason that it does not state that the property sold for two-thirds of its appraised value, as required by Mansf. Dig. §§ 4759-4761 (Ind. T. Ann. St. 1899,

§ § 3070–3072). Neither does it state that the sole consideration was for money loaned to appellant, as required by Mansf. Dig. § 4763 (Ind. T. Ann. St. 1899, § 3074)."

*Edward L. Moore*, for appellants.

*Maxey & Clayton*, for appellee.

THOMAS, J. It is urged by counsel for appellants, in support of the first error assigned, that it was impossible for appellants to file an answer to appellee's complaint, for the reason that they had no notice of the pendency of the suit, as required by section 5152, Mansf. Dig. (section 3357, Ind. T. Ann. St. 1899). Said section is as follows:

"Sec. 5152 (3357). A new trial shall not be granted on account of the smallness of the damages in an action for an injury to the person or reputation, nor in any other action where the damages shall be equal to the actual injury sustained."

What this section of Mansfield's Digest has to do with this case is beyond the comprehension of this court. It certainly does not throw the slightest glimmer of light upon the question under consideration.

Continuing, the brief states: "It was certainly beyond Robert Kennedy's control to answer, and therefore the court should have set aside the default; and refers to 2 Thomp. Trials, § 2738. "And as Robert Kennedy is the owner of the property, and not his wife, the court should have set aside the default; for it is certainly not right that one person should suffer for the fault of another, neither do we think it the spirit of the law." The section of Thompson on Trials referred to, supra, is good law, but it does

not sustain appellants' contention. The transcript shows: "This cause coming on to be heard, and it appearing to the court that the defendants had been duly served with summons herein as required by law." Section 4976, Mansf. Dig. (section 3181, Ind. T. Ann. St. 1899), provides: "The service shall be: First, by delivering to the defendant a copy of the summons; or, second, if he refuse to receive it, by offering a copy thereof to him; or, third, by leaving a copy of said summons at the usual place of abode of the defendant, with some person who is a member of his family over the age of fifteen years." The affidavits filed by appellants show that they were each of them served with summons, in strict conformity with the law; hence the claim in the first error assigned, that appellants were taken by surprise, and had no opportunity of answering the complaint, is shown to be a pure fabrication, and without foundation in fact.

<div style="margin-left:0"><em>Notice of Suit. Service of Summons.</em></div>

As to the second error assigned, "Because 'the appellee is not the real party in interest; the title does not vest in appellee until he can get quiet and peaceable possession,"— the transcript shows that, after the purchase of the premises at the sale upon the foreclosure of the mortgage by G. D. Sleeper and James A. Harris, Sleeper sold and conveyed his undivided interest in the premises to appellee. Hence the claim that appellee was not the real party in interest is contradicted by the evidence, and the authorities cited do not sustain appellants' contention, since they do not apply to a case like this.

The third error assigned, that "the judgment was not sustained by the evidence," is not borne out by the record. The deeds or bills of sale offered in evidence show that appellee was the owner of the premises, and the court found "from the complaint, and the written evidence exhibited

with the complaint, that he is the owner and entitled to the possession of the premises," and, no defense having been interposed, we are of the opinion that the evidence was sufficient to sustain the finding and judgment of the court.

The fourth error assigned, "The court should have set aside the default as to Katie Kennedy because she is and was a married woman at the time the mortgage was executed," is, indeed, a strange doctrine. She was one of the signers of the note and joined in the execution and delivery of the mortgage given for the purchase price of the property, and it would be a strange law that would allow her to hold possession, or defeat a legal recovery of the unpaid-for property, for the reason that she is and was a married woman. The authorities cited do not even remotely sustain such a contention. This is not a personal judgment, —which in some cases might be regarded as questionable,— but is a judgment for the recovery of the possession of pro- perty to which she had neither title nor right of possession.

Married wom- an liable on Joint Note,

The motion for a new trial came too late. The judg- ment was rendered on the 17th day of November, 1898. The motion for a new trial was not filed until the 7th day of December, 1898. Section 5153, Mansf. Dig. (section 3358, Ind. T. Ann. St. 1899), provides:

Motion for new Trial. Time of filing.

"Sec. 5153 (3358). The application for a new trial must be made at the term the verdict or decision is render- ed, and, except for the causes mentioned in subdivision 7 of section 5151, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

Snbdivision 7, § 5151 (subdivision 7, § 3356), is as fol- lows: "Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

There is nothing in the record bringing this case within either of said provisions. Upon the whole record, the judgment seems to be a just one, and entirely justified by the law and the evidence, and, no error having been discovered, the judgment of the court below is affirmed.

CLAYTON, C. J., and TOWNSEND and GILL, JJ. concur.