## NOWELLS v. JONES, ET AL.*
### (No. 1370; January 31, 1928; 263 Pac. 698)

TAXATION—TAX WARRANT—TAX TITLE—ASSESSMENT ROLL.

1. While collector of taxes may not enforce payment thereof without a warrant authorizing him to do so, Legislature, in absence of contrary constitutional provision, may prescribe manner and form in which tax collector obtains his warrant, and may designate what constitutes sufficient warrant for collection of taxes.

2. In suit involving question of validity of tax title, appellate court will assume that delinquent tax list was properly made out, certified to, and filed, as required by Comp. St. 1920, § 2859, where no contention was made to the contrary.

3. Failure of county assessor to attach to tax list and assessment roll warrant, authorizing treasurer to collect taxes contained therein, as required by Comp. St. 1920, § 2788, *held* not to invalidate subsequent sale for such taxes after delinquency, where properly certified assessment roll and list of delinquent taxes were filed with county treasurer, since, under section 2859, such list is "at all time a sufficient warrant and authority for the collector of taxes upon which to proceed and collect any and all delinquent taxes"; additional statutory method being thus provided for warrant to collect taxes after delinquency.

*See Headnotes: (1) 37 Cyc. p. 1191 n. 22. (2, 3) 37 Cyc. p. 1479 n. 88; p. 1524 n. 5.

APPEAL from District Court, Big Horn County; PERCY W. METZ, Judge.

Action by O. E. Nowells against William Jones, J. O. Jones, and the Union Central Life Insurance Company, in which defendant last-named sought affirmative relief. Judgment for last-named defendant, and plaintiff appeals.

*Brome & Brome,* for appellant.

The trial court erred in holding the tax sale invalid; neglect of assessor in failing to attach the tax warrant to the tax list assessment roll for 1922 did not invalidate the sale,

2788 C. S.; Grant v. Bartholomew, 78 N. W. 314. The purchaser became subrogated to the lien of the County, 37 Cyc. 363, 373; Foster v. Williams, (Mo.) 128 S. W. 797; Lee v. Newell, (Nebr.) 147 N. W. 684; and may at least recover under such lien all amounts paid; Thompson v. Buchanan, 203 S. W. 1015; McCarty v. Goodsman, 167 N. W. 503; Conaughty v. Nichols, 42 N. Y. 83. The trial court erred in refusing to permit necessary amendments to the pleadings and rendering its decree determining the rights of parties.

*C. A. Zaring,* for respondents.

Appellant cites but one case which sustains his position, that of Grant v. Bartholomew, 78 N. W. 315. This case was based upon the Iowa statute, which differs from ours; our statute is similar to Oklahoma where it was held that omission of the tax warrant invalidates the sale, Frazier v. Prince, 58 Pac. 751; the same rule is followed in Pennsylvania, Hilbish v. Hower, 58 Pa. St. 93; also New York, Van Rensselaer v. Witbeck, 7 N. Y. 517; Donald v. McKinnon, 717 Fla. 746; Lamb v. Farrell, 21 Fed. 5. The trial court decision is sustained by the following authorities: State v. Cannon, 11 So. 86; Glos v. Randolph, 27 N. E. 941; Ames v. Sanley, 128 Ill. 523; Asper v. Moon (Utah) 67 Pac. 409; Henderson v. Ward (Calif.) 132 Pac. 470; Mattocks v. McLain etc. Co., 68 Pac. 501; Brady v. Davis (Calif.) 142 Pac. 45; Warfield v. Avery, 93 N. W. 80; Moyer v. Wilson (Calif.) 135 Pac. 1125; Westbrook v. Miller (Mich.) 30 N. W. 916; Raquette Co. v. Co., 84 N. Y. S. 836; Eaton v. Bennett, 87 N. W. 188; Brase v. Miller, 88 N. E. 369; Cooley Taxation (3rd ed.) 793; 26 R. C. L. 354; Horton v. Driskell, 13 Wyo. 66. A purchaser at a void tax sale cannot recover money paid in the absence of a remedial statute; Sec. 2892 C. S. provides a remedy as against the treasurer; Cooley Taxation (3rd ed.) 918-920, 26 R. C. L. 392; Moyer v. Wilson (Calif.) 135 Pac. 1125; Holland v. Hotchkiss, 123 Pac. 258; Logansport v. Hum-

phrey, 84 Ind. 467. The principle of subrogation does not apply.

Before KIMBALL, Justice, TIDBALL and BROWN, District Judges.

TIDBALL, District Judge.

The plaintiff began an action in the District Court to quiet title to real estate. The petition is in the usual form, claiming ownership and possession, and alleging that defendants claim an interest in the real estate and praying that the title be quieted in plaintiff. The former owner of the real estate was made a party, but defaulted. The defendant Union Central Life Insurance Company answered, claiming a lien by virtue of a mortgage dated January 30, 1914, which mortgage lien is alleged to be prior and superior to any title, claim or interest of plaintiff in the lands in suit, and prayed that its mortgage be decreed to be a valid and subsisting lien against the title of plaintiff. The reply was a general denial. Judgment was for defendant as prayed.

The facts are not in dispute. Defendant's mortgage existed as claimed. Plaintiff purchased the real estate in question at a delinquent tax sale on July 14, 1923, for $492.52, said sum being made up of delinquent drainage taxes for 1922 and the state and county taxes for the same year. In 1923 plaintiff paid the drainage, county and state taxes in the sum of $680.06, and in 1924 paid the same taxes in the sum of $417.51. The proper notice having been given and no redemption being made, on June 2, 1925, the County Treasurer issued to plaintiff a tax deed to the property, based on the sale made in 1923 for delinquent drainage taxes for 1922. The only fault found with the tax sale by the answering defendant was that the County Assessor neglected to attach to the combined tax list and assessment roll for the year 1922 a warrant authorizing and directing the Treasurer to collect the taxes therein con-

tained, as provided by Section 2788, Wyoming Compiled Statutes of 1920. That section reads as follows:

"An entry is required to be made upon the combined assessment roll and tax list, by the county assessor, in the form of a certificate, showing what it is, and he shall also attach to this list his warrant, under his hand, in general terms requiring the collector to collect the taxes therein levied, according to law; and no informality in the above requirement shall render any proceedings for the collection of taxes illegal. The assessor is required to deliver the list or cause the same to be delivered to the collector of the county by the third Monday in September in each year, and the collector's receipt shall be taken therefor, and such list shall be full and sufficient authority for the collector to collect all taxes therein contained."

The certificate required by this section was attached, certifying that the combined assessment roll and tax list was such. So we have in this case a combined assessment roll and tax list properly made, except for the warrant, containing a proper description of the lands in controversy, with the taxes duly assessed and levied thereon and delivered to the Treasurer. No question is raised as to the proper assessment of the real estate in question except, as above stated, the failure of the assessor to attach his warrant thereto. And it is not claimed that the taxes assessed were not due and proper nor that the proper procedure was not taken in the sale of the property for delinquent taxes, the sole claim being that without the warrant provided by the above statute, the treasurer had no authority to collect the taxes and hence no power to sell the real estate for delinquent taxes. The contention of defendant is that the collector of taxes attempting to enforce payment of the tax without a warrant authorizing him to do so becomes a trespasser and his acts in that connection are void. So far as we have been advised, that proposition is universally adhered to by the courts and stated by the textbook writers; and we assume it to correctly state the law. It also seems to be equally well settled that the legislature, in the absence

of a constitutional provision covering the matter (and we have none), may prescribe the manner and form in which the tax collector obtains his warrant and authority to collect taxes. The legislature might have provided that the certified assessment roll and tax list alone should constitute a sufficient warrant on which the collector might proceed to collect.

It is provided by Section 2859, Wyoming Compiled Statutes of 1920, as follows:

"Immediately after the thirty-first day of December in each year, the county collector of taxes shall from the tax list in his hands make out a complete list of all delinquent taxes for that and preceding years due from every person or persons, corporation or corporations, or association of persons taxable in his county, and shall attach his certificate to said statement or list showing that it is a true list of delinquent taxes and file the same in the office of the county treasurer, and said list or statement shall be at all times *a sufficient warrant and authority* for the collector of taxes upon which to proceed and *collect* any and all delinquent taxes; and if any collector shall fail or refuse to make any payment or settlement required by law, he may be fined in any sum not less than one thousand dollars, nor more than five thousand dollars, to be recovered by a civil action by the board of county commissioners in the name of, and to the use of the people of the State of Wyoming."

This section provides that the list of delinquent taxes, made by the tax collector and properly certified by him, shall be, when filed in the office of the County Treasurer, a sufficient warrant and authority for the collector to proceed to collect delinquent taxes. In the case at bar, the collector had a properly certified assessment roll and tax list from which to compile the list of delinquent taxes. We assume, no contention being made to the contrary, that the delinquent tax list was properly made out, certified to and filed, as required by Section 2859. That being so, such list was by direct provision of said section a sufficient warrant and authority for the collector to proceed on and collect

delinquent taxes. There is no reason apparent to us why the legislature might not provide two modes by which the tax collector could procure his warrant to collect taxes; and it seems clear that under our statutes one method is provided by which the collector obtains his warrant to collect taxes before they become delinquent and an additional method by which he obtains his warrant to collect delinquent taxes. We wish to make it plain that in the case at bar the original combined assessment roll and tax list was properly certified to by the Assessor as being correct and what it purported to be. Whether the collector could lawfully proceed under Section 2859 without that certificate seems doubtful, for in such case there would be no certified tax list and assessment roll from which to make up the list of delinquent taxes, but we do not decide this point.

Numerous authorities have been cited by appellee holding that without the warrant required by law, a tax sale is void. The case of Frazier v. Prince, 8 Okla. 253, 262, 58 Pac. 751, 754, is the principal case relied on by appellee. At the time of that decision it appears that Oklahoma had a statute identical for all practical purposes with our statute, Section 2788. But it does not appear from that decision whether a statute existed in Oklahoma corresponding with our Section 2859. If it did exist, it was apparently not called to the court's attention. At any rate, it is not discussed in the opinion. And the same thing may be said of other cases cited by appellee.

On the other hand, two cases are cited by appellant which in our opinion bear out our conclusion in the case at bar, though decided under somewhat dissimilar statutes. In the case of Grant v. Bartholomew, 57 Neb. 673, 78 N. W. 314, Nebraska had a section of the revenue statute quite similar to our Section 2788, their corresponding section being Section 83 of their act. There also existed other sections of Nebraska's revenue laws commanding the treasurer to make up a list of delinquent taxes and proceed to sell the lands contained in such list, though the Nebraska statute does

not appear to go as far as our Section 2859 in that their law does not contain the language found in our law in Section 2859 to the effect that the delinquent list is the collector's warrant and authority to collect. Yet that court in upholding the right of the collector to sell real estate for delinquent taxes, where the warrant required by the assessor was lacking, held the other sections of the Nebraska law sufficient warrant for the collector to proceed, the court saying: "* * * * the treasurer's authority and jurisdiction to make such sale are derived from the express provisions of sections 109 and 113 of the revenue act."

Iowa, in an earlier decision, under statutes substantially like those of Nebraska, passed on the same question in the case of Parker v. Sexton, 29 Ia. 421, and that case was followed in several later decisions. The Iowa court, under statutes (Revision of 1860, ch. 45) similar to those of Nebraska, and without any provision like our section 2859, held that the treasurer's authority to sell real estate for delinquent taxes was clearly and specifically given by the statute, without any reference to or aid from the tax warrant, and that the sale was not rendered invalid by the omission of the warrant, which, as in this state, was required to be attached to the tax list.

Our conclusion is that the failure of the assessor to attach his warrant to the properly certified assessment roll and tax list did not invalidate the sale for delinquent taxes made by the treasurer.

The case is reversed with directions to the district court to set aside the judgment rendered by it and render judgment for plaintiff, unless that court is of the opinion that there may be other questions touching the validity of the tax sale which may be shown under the pleadings in this case as they now stand or as they may be amended, in which case a new trial should be granted.

*Reversed and Remanded.*

KIMBALL, J., and BROWN, District Judge, concur.