## FOSTER v. BOARD of COM'RS of MARSHALL COUNTY.

No. 19498. Opinion Filed June 10, 1930.

Commissioners' Opinion, Division No. 1.

Twyford & Smith and Leo G. Mann, for plaintiff in error.

E. S. Hurt, Co. Atty., for defendant in error.

FOSTER, C. This is an action brought by W. C. Foster to collect the sum of $265.10, alleged to have been paid by the plaintiff for tax certificates which were illegally issued. The suit was instituted on June 26, 1926, and the petition alleges that, on or about the 9th day of November, 1922, the county treasurer of Marshall county issued to the plaintiff certain purported tax certificates; that the same were illegal and void for the reason that the taxes so paid covered improvements which were not on the premises at the time of the assessment; that the county treasurer did not include in the alleged tax sale all the taxes then due, both for ad valorem and special assessments; that the county treasurer did not offer for sale the special assessments existing against said property; that the notice of tax sale was not published for the required time as provided by the statute; that the property was not properly assessed, and there was no notice given to the property owner; that the notice advertising said property for sale did not run for three consecutive weeks as provided by the laws of Oklahoma; that the property was not subject to taxation, and was non-assessable; and that the proceedings before the county clerk and county treasurer were irregular, making the tax sale void. To this petition are attached the tax certificates relied upon, which describe two separate tracts of land, and show upon their face that one of the sales was had on the 9th day of November, 1922, and the other on the 6th day of November, 1922.

To this petition the defendant filed an answer which contained a general denial and specifically denied any mistake in the assessment, alleging that the taxes assessed against said property were due when plaintiff purchased the certificates, and further alleged that the plaintiff failed to file a claim for refund with the board of county commissioners, and pleaded the statute of limitations. At a trial before the district judge, a general judgment was entered in favor of the defendant and against the plaintiff, denying plaintiff any relief, from which this appeal is prosecuted.

The plaintiff bases his contention upon section 9739, C. O. S. 1921, as amended by chapter 30, Sess. Laws of 1925, which is as follows:

"When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at 6 per cent. per annum. No action for such refund shall be commenced after the expiration of five years from the time a tax deed might have been applied for, had the sale been valid."

The plaintiff presents this cause under three propositions, which are as follows:

First. No statute of limitation existed as a bar to plaintiff's claim.

Second. All the evidence showed conclusively illegal acts leading up to the issuance of plaintiff's tax certificates, and any tax deed issued thereunder would be void.

Third. The property for which the tax certificate was issued is nontaxable.

An examination of the record does not disclose on what theory the court denied the plaintiff any relief. The brief of the defendant indicates that the only proposition considered was whether or not the court will establish a policy in this state that the mere issuance of tax certificates, duly authenticated, is sufficient proof that the taxes were levied and advertised pursuant to law.

The first proposition concerns the statute of limitations. Plaintiff presents authorities to show that the statute of limitations had not run against him under the facts in the case at bar. These authorities, apparently, support plaintiff. However, owing to the fact that the judgment of the trial court does not disclose whether or not that court passed upon this particular question, and owing to the further fact that the defendant in error in his brief does not contend that the statute of limitations has run, nor does he present any authorities nor make any argument in support of such contention, it will be presumed by this court that defendant in error has waived the plea of the statute of limitations as set out in his petition, and under these circumstances we will not pass upon this proposition.

Under the second proposition, the plaintiff contends that, since the sale in this case was had on the 1st day of November, and the record shows that one of the tax certificates was issued at a sale held on the 9th day of

November, this would make the sale void; the 9th day of November not being the first Monday in November for the year 1920. The record also shows that the publication notice was issued on the 19th day of October, 1922, and the sale fixed on the 6th day of November, 1922, which was less than three weeks as provided by section 9731, C. O. S. 1921.

It has been held by a long list of cases in this state that three weeks' publication, as provided in section 9731, supra, means 21 days, and that notice of a tax sale given for less than 21 days is absolutely void. So, in the case at bar, if the record discloses that the advertisement was not had for the full 21 days, we believe the sale would be void. Cadman v. Smith, 15 Okla. 633, 85 Pac. 346; Smith v. Bostaph, 103 Okla. 258, 229 Pac. 1041; Sitton v. Hernstadt, 106 Okla. 140, 233 Pac. 676.

It is the contention of defendant, however, that the evidence is not sufficient to show that the notice by publication was only made for 21 days, because the only person testifying was a deputy county treasurer, and he testified wholly from a copy of the records that the plaintiff failed to present any record, and therefore failed to prove that the notice was not published for 21 days. No authorities are cited to support this contention, and we know of none. We think the testimony of the county treasurer or of the deputy county treasurer, in the absence of any proof to the contrary that a notice by publication had been made for less than 21 days, would be sufficient under the established law in this state to prove that the notice by publication was illegal and void under the authorities above referred to.

It is next contended by the defendant that there is no evidence in this case showing that any warrant was ever issued for the collection of the taxes for the year 1921, or that the land was ever advertised or published in a paper showing the delinquent taxes against it. The only evidence disclosed by the record is the fact that the tax certificate was issued to the plaintiff. This, the defendant contends, is not sufficient. Again he cites no authorities. We cannot agree with his contention. Public officers are supposed to do their duty, and we think the showing that the tax certificate was issued carried with it the presumption that a warrant was issued, and that the land was advertised and the advertisement published.

In our opinion, the issuance of the tax certificate is at least sufficient presumptive evidence to show that the amount represented by the tax certificate was actually paid by the purchaser to the county, and, since the county treasurer issued the certificate and collected the money, we think it sufficient to give the plaintiff a cause of action against the county for the amount so paid, where it appears that the publication notice was illegal or the property nontaxable.

The defendant in error further argues in his brief that the claim of the plaintiff was never presented to the board of county commissioners, and no opportunity was given to pay said claim, and that there is no proof in this case showing that the county commissioners or the excise board created a fund to take care of such claims, as is provided in the statute which deals with erroneous assessments. Although this contention is made in the brief, there is no authority cited to support it, nor is the section of the statute referred to.

We have read the record in this case, and on the whole it seems to present a matter which, in the absence of other proof, would entitle the plaintiff to recover.

The third and last proposition presented is the nontaxability of the real estate on which the certificate was issued, but we do not deem it necessary to pass upon this question. If the advertisement were illegal, so as to make the assessment void, then we think the plaintiff would be entitled to recover under section 9739, supra, regardless of whether or not the land assessed was taxable.

For the reasons herein given, the cause should be, and is hereby, reversed, with instructions to grant plaintiff a new trial, and for such other proceedings not inconsistent with the views herein expressed.

TEEHEE, LEACH, REID, DIFFENDAFFER, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.