## FOSTER v. BOARD OF COM'RS OF CIMARRON COUNTY.

No. 19539.   Opinion Filed Oct. 14, 1930.

E. B. McMahan, for plaintiff in error.

Hiram A. Butler, for defendant in error.

HERR, C.  This is an action by W. C. Foster against the board of county commissioners of Cimarron county to recover the sum of $38.27 alleged to have been paid by him in the purchase of certain delinquent tax sale certificate at a tax sale held by the county treasurer of said county for the delinquent taxes for the year 1921; and for the further sum of $33.31 taxes paid for the year 1922.

A claim for these amounts was by him presented to the board of county commissioners and by them disallowed. An appeal was then taken by him to the district court of said county. After lodging the appeal, plaintiff filed his petition in the district court al-

leging that the amounts paid were illegal and that he was entitled to recover for the reason that at the time of the sale the land sold had been bid in by the county for the taxes for the year 1920; that the land had never been redeemed and that the county was, therefore, without authority to sell the same for delinquent taxes for the year 1921. Plaintiff further alleges that he is entitled to recover for the reason that at the time of the sale, for delinquent taxes, the Commissioners of the Land Office held a mortgage against the land, which mortgage was subsequently foreclosed and a sheriff's deed therefor issued to the state, and the state thereby placed it beyond its power to issue him a tax deed. The trial court sustained defendant's demurrer to this petition and rendered judgment in its favor. Plaintiff appeals.

It is assigned as error that the court erred in sustaining the demurrer to the petition. In our opinion, the trial court ruled correctly. It is true, as contended by plaintiff, that the county should not have sold the land, under the facts pleaded, for the taxes for the year 1921, but should have waited two years, and if not then redeemed, resold the same as provided by sections 9743, 9744, and 9745, C. O. S. 1921. The county treasurer should have proceeded under section 9742, C. O. S. 1921. This error in procedure, however, does not, in our opinion, entitle plaintiff to recover, for the reason that he has not been injured thereby.

Plaintiff relies on section 9739, C. O. S. 1921, as amended by chapter 30, S. L. 1925, which provides:

"When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at six (6%) per cent. per annum. No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

Assuming, without deciding, that this act applies to the sale in question, still plaintiff is not in position to avail himself of the benefits thereof. Under this act, a purchaser at a tax sale is held harmless in the event of an illegal sale. Plaintiff, however, has not been harmed or injured by the sale. His title has in no manner been assailed. He alone raises the question of the irregularity of the sale and he appears in the position of attacking his own title and asking a recovery because of such attack. Under the allegations of plaintiff's petition, he would have suffered loss even though the tax sale had been in all respects regular. If either the owner of the land or the state was attacking the sale, and on such attack the sale held illegal or upon a showing that he was otherwise injured or harmed thereby, he might be in a position to claim protection under the statute. We fail to see, however, how he can be heard to complain until he has been injured or harmed by reason of the irregularity in the proceedings. He purchased at the tax sale with full knowledge of a mortgage against the same held by the Commissioners of the Land Office. This mortgage, under the holding of this court in State ex rel. v. National Bank of Commerce, 139 Okla. 134, 281 Pac. 579, is superior to the right acquired by plaintiff under his tax sale certificate. This mortgage was foreclosed by the Commissioners of the Land Office and the purchaser at such foreclosure sale took title superior to the right, if any, acquired by plaintiff under his certificate. Plaintiff's loss was occasioned by reason of his failure to protect himself against the superior lien of the state and not because of irregularities in the tax sale proceedings. He cannot, therefore, recover.

Judgment should be affirmed.

TEEHEE, EAGLETON, HALL, and REID. Commissioners, concur.

By the Court: It is so ordered.