Leo G. Mann, C. J. Brown, and Miles & Miles, for plaintiff in error.

John A. Spohn, for defendant in error.

WELCH, J. The plaintiff, R. S. Savery, filed this action against the board of county commissioners of Beaver county for refunds in eleven causes of action on tax certificates which he alleged to have been void when issued. He relied upon the provisions of section 9739 C. O. S. 1921, as amended by chapter 30. S. L. 1925, appearing now as section 12749, O. S. 1931.

The trial court rendered judgment in his favor on causes of action Nos. 1, 2, 3 4 7, and part of cause of action No. 5. No appeal was taken from this part of the judgment, and same will therefore not be further considered in this opinion.

Judgment was rendered in favor of the defendant on causes of action Nos. 6, 8, 9, 10, 11, and on certificate No. 886 set out in cause of action No. 5, and the plaintiff has appealed from that part of said judgment to this court.

The tax certificates sued upon were based

upon the 1923, 1924, and 1926 tax sales, and an agreed statement of facts was filed in the case showing that the county treasurer failed to publish notice of each of these sales for 21 days prior to such sale.

The effect of a failure to give 21 days' notice of a tax sale has been expressly passed upon by this court in the case of Foster v. Board of County Commissioners of Marshall County, 144 Okla. 14, 289 P. 347. The court said:

"It has been held by a long list of cases in this state that three weeks' publication, as provided in section 9731, supra, means 21 days, and that notice of a tax sale given for less than 21 days is absolutely void."

Inasmuch as the agreed statement of fact shows that all of the certificates upon which suit was brought were issued without the giving of the required notice of sale, the issues presented here are governed by the Foster Case, supra, and the trial court erred in refusing plaintiff judgment thereon.

It appears further from the agreed statement of facts as to those certificates, for which the trial court did not render judgment, that the land upon which they were issued was either school land belonging to the state of Oklahoma, sold to individual owners and the sales thereof canceled by the state for nonpayment of installments, or land which had been mortgaged to the School Land Department, and which mortgages had been foreclosed.

It is defendant's contention, in view of these facts, and in view of this court's conclusion in Foster v. Board of County Commissioners of Cimarron County, 145 Okla. 210, 292 P. 11, that the holder of a tax sale certificate is not entitled to recover where his loss arose through foreclosure of a mortgage held by the State School Land Commissioners, that the plaintiff here likewise could not recover on such certificates, and the trial court apparently concurred in this view.

It does not appear from the agreed statement of facts that the plaintiff was a party to these foreclosure proceedings, nor does it even appear by inference that as to those certificates which were void plaintiff's loss was caused by the cancellation of title or the foreclosures. As to those certificates, by reason of the invalidity thereof, he had no legal right in or against the land in any event, but only a remedy against the county for the return of his money, and was without power to protect himself by redemption or otherwise in any foreclosure action. The case of Foster v. Board of County Commissioner of Cimarron County, 145 Okla. 210, 292 P. 11, therefore does not apply here as to these void certificates.

The judgment of the trial court is therefore reversed, and the cause is remanded, with instructions to render judgment for plaintiff in accord with this opinion.

OSBORN, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.