FEDERAL TAX CO. et al. v. BOARD OF COM'RS OF OKMULGEE COUNTY.

PARKER et al. v. SAME.

Nos. 32357, 32358.   Jan. 7, 1947.

As Corrected on Denial of Rehearing Feb. 18, 1947.

*178 P. 2d 622.*

W. C. Alley and W. A. Barnett, both of Okmulgee, and Roy F. Lewis, of Oklahoma City, for plaintiffs in error.

Jack Pitchford, County Atty., and L. A. Wallace, Asst. County Atty., both of Okmulgee, for defendant in error.

RILEY, J.   Plaintiffs below have appealed from adverse judgments denying recovery on tax sale certificates and tax deeds alleged to be void, in case 32357, arising from the annual tax sale in the years 1923-26 and 1928; and tax certificates with endorsements thereon alleged to be void, in case 32358, arising from the annual sales in the years 1927-28.

Recovery was sought under the provisions of 68 O.S. 1941 §390, not because of the nontaxability of the land or any part of it, but because the sales were alleged to be "otherwise illegal" in that (1) the delinquent lands or lots were not sold at public sale to the highest bidder as required by law, and (2) for failure of the county clerk to warrant the sale as required by 68 O.S.A. §296 (sec. 7388, R.L. 1910), since repealed. The statute provided the warranted tax roll delivered by the county clerk to the county treasurer would constitute "full and sufficient authority for the collection of . . . the taxes".

To establish invalidity of the sales, plaintiffs rely largely upon the testimony of J. R. Jones, former county treasurer, who conducted the sales and who had certified in each instance that the sales were conducted in the manner provided by law.

It is a familiar principle that a public officer making a return of his doings on a writ shall not be allowed to gainsay the truth of it. 22 R.C.L. 474; 43 Am. Jur. 254.

Foster v. Board of Com'rs. of Marshall County, 144 Okla. 14, 289 P. 349, without citing authority, diverged from this rule, but in Jepeway v. Barrett, 165 Okla. 220, 25 P. 2d 661, testimony of a deputy county treasurer was held not sufficient to overcome the presumption

of validity. At least the official acts affected the credibility of this witness.

John Alsop, an attorney, also testified by way of conclusions, and while he said there were no competitive bidders, all individual bidders were afforded an opportunity to purchase as the county treasurer presented the list of advertised lands and sold lots or tracts to those who would pay thereon the taxes, penalties, interest, and costs and struck the remainder off in the name of the county.

The trial court found the sales regular and not void for lack of a county clerk's warranted tax roll.

Complaint is made for failure of the county treasurer, at the time of sale, to state the sale conditions, but the statute, 68 O.S. 1941 §384, specifies the manner of bidding and designates the highest bidder. Each bidder is presumed to know the law and to make his bid accordingly.

By force of statute, "the person who offers to pay the amount due on any parcel of land for the smallest portion of the same is to be considered the highest bidder". When a bid for the whole of the land offered for sale is made for the amount of taxes due against it, and with opportunity afforded, there is an absence of an offer to buy a lesser portion of the land for the amount due, by force of statute the highest bidder is ascertained.

The equation by the statute submitted to prospective purchasers is not the highest amount of money to be paid for the land offered but the least amount of land that will be taken for the amount due thereon. There are cases from other jurisdictions that hold, in the absence of an offer to sell less than the whole tract and where no inquiry was made to ascertain if anyone would take a part of it for the taxes on the whole, the sale was void. Roth v. Gabbert, 123 Mo. 21, 27 S.W. 528. However the rule of construction may be, under the circumstances presented and at a suit of the purchaser who in person or by agent participated in such sales, apparently inviting such irregularities and acquiescing therein, with opportunity of benefits to themselves in collecting profitably from owners who would redeem, and waiting until long after the sales, seeking, on certificates or deeds not by the original landowner contested, to recover with interest from the county, such sales ought not to be held invalid. Mere irregularities will not suffice to avoid such sales. Henshaw v. Morris, 189 Okla. 603, 119 P. 2d 85.

A contention similar to the one here made was presented to this court, but denied in Godfrey Investment Co. v. Sturgeon, 150 Okla. 47, 300 P. 706.

Chapter 152, S.L. 1910-11, created the office of county assessor and it is obvious that the Legislature intended to establish a complete and changed tax system regarding the manner and method of preparing the tax rolls. By the revision and under section 13 of the act, the duty was devolved upon the county assessor to prepare and file the tax rolls with the county treasurer. Section 13 of the act as amended appears in 68 O.S. 1941 §60. The statute relating to the county clerk's warranted tax roll has since been specifically repealed. S. L. 1941, p. 333.

After the time the office of county assessor was created, section 7356, R.L. 1910, section 12620, O.S. 1931, applicable at the time involved, was effective to empower the county treasurer, "upon receipt of said tax rolls," to "proceed with the collection of the taxes as therein extended". Decisions relied upon, decisive of lack of authority of the county treasurer to proceed with the collection of taxes prior to the act creating the office of county assessor, were not afterwards controlling.

The statute not only authorizes, but in mandatory terms, commands the county treasurer to collect taxes. The annual sale provided by statute denotes the manner provided by law. Grant v. Bartholomew, 57 Neb. 673, 78 N.W. 314. The view has been sustained that the treasurer's authority may arise from

either of two modes provided at different times by statute. Thus when the former system, embracing employment of township assessors, was superseded by the subsequent statutory provisions, and the county clerk no longer delivered to the county treasurer "the tax rolls with the warrant of the county clerk attached," the authority theretofore requisite for the treasurer's collection of taxes became merely cumulative and was in fact unnecessary. Nowells v. Jones, 37 Wyo. 405, 263 P. 698.

The judgments are supported by law and sustained by the evidence. Herein, as in Foster v. Board of Com'rs of Cimarron County, 145 Okla. 210, 292 P. 11, each of the plaintiffs alone raised the question of the irregularity of the sale and appear "in the position of attacking his own title and asking a recovery because of such attack. . . . If either the owner of the land or the state was attacking the sale, and on such attack the sale held illegal or upon a showing that he was otherwise injured or harmed thereby, he might be in a position to claim protection under the statute".

Awards vacating judgments have heretofore been sustained. 187 Okla. 223, 308, 311, 312, 102 P. 2d 148, 880, 883, 867.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.