CANTRELL et al. v. DYER.

No. 32158. May 20, 1947.

Rehearing Denied June 10, 1947.

*181 P. 2d 553.*

Arthur G. Croninger, of Miami, for plaintiffs in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendant in error.

DAVISON, V.C.J. The present appeal involves a proceeding to revive a dormant judgment under 12 O.S. 1941 §§ 1077 and 1078. The judgment sought to be revived was rendered December 14, 1934, in favor of James L. Cantrell against Willena Dyer. An execution issued on said judgment November 2, 1938, was returned unsatisfied, and after the death of the judgment creditor on February 26, 1944, no attempt was made to revive the judgment until Cantrell's widow and children filed their application for an order of revivor in the present proceedings. Notice of the application was first served upon Frank Nesbitt, Willena Dyer's attorney in the original action. After Nesbitt told the attorney for the Cantrell heirs, or movants, that he no longer represented Willena Dyer, they then had the hearing postponed until October 30, 1944, and took steps to obtain service upon her by publication. Accordingly, a notice was issued to her and same was published on the 5th, 12th, and 19th days of October, 1944.

Subsequent to the movants' service of notice of their application upon him as Willena Dyer's attorney, Mr. Nesbitt was engaged by her father or mother to represent their said daughter in the revivorship proceedings, and on the day set for the hearing presented on her behalf two special appearances and motions to quash. One of the motions alleged that the published notice was not sufficient to confer jurisdiction on the court and was based upon the ground that the publication thereof was not complete at least ten days before the hearing as required by 12 O.S. 1941 § 1067. The other special appearance and motion to quash filed and presented by Nesbitt was directed to the movants' attempt to get service upon Miss Dyer by serving notice upon him as her attorney and was supported both by Nesbitt's affidavit and his testimony that on the date the notice was served on him he was not Willena Dyer's attorney. From an order sustaining both motions to quash, the Cantrell heirs have appealed. For the purpose of clarity, they and their adversary will hereinafter be referred to as "plaintiffs" and "defendant", respectively.

We will first consider the alleged error of the court in sustaining defendant's motion to quash service of the notice by publication. Section 1067, supra, provides for the publication of such notices "for three consecutive weeks," but also says that those against whom the action is sought to be revived shall therein be notified to appear and show cause why the action should not be revived against them "on a day therein named not less than ten days after the publication is complete. . . ." Defendant contends that under this statute, the publication in the present case was not complete until October 26, 1944, or three full weeks from the date it was first published (citing Savery v. Board of Com'rs of Beaver Co., 173 Okla. 284, 48 P. 2d 275; Foster v. Board of Com'rs of Marshall Co., 144 Okla. 14, 289 P. 347), which under the plain wording of the statute quoted was not in time for the hearing held only four days later. Plaintiffs say that the authorities cited by defendant for the meaning of the term "three consecutive weeks" in the statute in question are not in point because they construe the term as used in statutes concerning publication of notices of tax sales. They maintain that in the present case the hearing being more than ten days after October 19th, the

date of the last publication of the notice, the statute in question was fully complied with. In this contention we think they are correct. While there seems to be a marked conflict of opinion among the various courts that have interpreted terms like, "three consecutive weeks" or "three successive weeks" in various statutes involving the publication of different kinds of notices, on the question of whether 21 days or a less period must elapse before the court acquires jurisdiction by reason of the publication (42 Am. Jur. 87, § 100; note, Ann. Cases, 1917B, 209; 50 C. J. 540, par. 207 (3), pg. 542, § 212), we find this is no obstacle to the proper interpretation of the statute in question. Under this statute the meaning of such a term is not determinative of the matter. We are not here concerned with whether three consecutive weeks means 21 days or less. The question under the statute involved here is how many more than 21 days must elapse between the first publication and the hearing. The statute says at least ten days "after the publication is complete. . . ." We think there can be little doubt as to the meaning of the latter expression. Long before the enactment of this statute, publication of such legal notices was deemed complete when last published, or, in other words, at all times after the date of the last publication. In some states this common view or understanding has been set forth in the statutes, while in others it has been incorporated into written law by judicial pronouncement. See Davis v. Houston (1883) 15 Neb. 28, 16 N.W. 820, and other cases cited in the note in Ann. Cases. 1917B, pp. 210, 211; Smith v. Collis, 42 Mont. 350, 112 P. 1070, and other cases cited in Words and Phrases (Perm. Ed.) vol. 17, p. 460, vol. 41, pp. 602, 603. We are impelled to hold that under this statute the publication in the present case was complete at all times after October 19, 1944, the date of the last publication, and October 30, 1944 (the date of the hearing on plaintiff's application for revivor) being ten days after said last publi-

cation. The service by publication was sufficient in the respect in which it has been said to be defective.

As this is admittedly the only question raised by defendant's motion to quash the service by publication, and we have determined that it presents no valid ground for sustaining said motion, said notice by publication must be deemed to have constituted good service on the defendant without regard to any alleged defects in the personal service plaintiffs attempted to obtain on her through Mr. Nesbitt. It is therefore unnecessary to discuss the contentions of the parties with reference to such attempted service of the notice.

Defendant in error contends that the order of the trial court was properly sustained by reason of the fact that the judgment was sought to be revived in the name of the heirs instead of the administrator. But it appears from the record that said question was not presented to the trial, court, and the same may not be urged in this court for the first time.

The order appealed from is reversed.

HURST, C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY and GIBSON, JJ., dissent.