**James LATSON, Plaintiff in Error,**

v.

**Ernest EATON and Eula Mae Eaton, Husband and Wife, Defendants in Error.**

**No. 37647.**

Supreme Court of Oklahoma.

May 7, 1957.

John W. Tyree, Lawton, for plaintiff in error.

Godlove & Cummins, Lawton, for defendants in error.

BLACKBIRD, Justice.

On May 3, 1956, defendants in error, husband and wife, obtained, as plaintiffs, a default judgment in the total sum of $36,900, against plaintiff in error, as defendant, in Comanche County Superior Court's Cause No. S-1072. In the judgment's journal entry filed on May 8th, thereafter, it was recited that: "The court first examined the summons in said action and finds that the defendant, James Latson, was personally served with summons * * *". On the 6th day thereafter, or May 11th, the named defendant, Latson, hereinafter referred to as movant, filed in said cause his motion to vacate said judgment, alleging, among other things, that he was not personally served with summons in the case, and that he had a meritorious defense thereto, as shown by an answer he attached to said motion and requested permission to file in said cause. When the motion was heard by the same judge who had entered the default judgment, defendants in error, the original plaintiffs, then

judgment creditors, and hereinafter referred to as respondents, appeared in opposition to the motion. At said hearing, the controversial summons, together with the sheriff's return thereon, containing the representation that a copy thereof had been delivered to the defendant personally, was introduced in evidence. Over the objection of the respondents, the deputy sheriff who signed it, as the officer who had served the summons, was permitted to testify, in substance, that on March 24th, he had not, as the return stated, left any copy of the summons with the movant himself, but instead, had left it with his wife at their residence in Lawton (Comanche County) after being told by her, in substance, that the movant was temporarily away from home, but that she was expecting him to return soon, and, when he did, she would give it to him. The movant testified in his own behalf, without objection, that on said date he was at Velma, Oklahoma, instead of being in Comanche County, and that he did not return to the latter county until between 11:00 o'clock P. M., and midnight. He further testified, in substance, that he knew nothing of the pendency of said Cause No. S-1072, supra, until he read about it in a Lawton newspaper. Upon being asked when this was, with reference to May 3rd (the date of the judgment) movant testified: "I would guess about the 6th; maybe the 7th." Movant further testified that on the day the summons was served, his wife, who a short time before had given birth to a baby, was engaged in a job of accounting, typing and filing. He also offered to prove by his wife that the copy of the summons was given her by the deputy sheriff at about 4:30 P. M.; that she had never seen a summons before; that she was then engaged in making out income tax returns and that the summons' copy "became mixed with the other papers in her home and that she never thought to give it to her husband." At the close of the evidence, the trial court orally announced, from the Bench, his decision overruling the motion to vacate the judgment, after concluding that, on the basis of a decision by the

Court of Appeals of Indian Territory in the early case of Kennedy v. Harris, 1900, 3 Ind.T. 487, 58 S.W. 567, where substituted service is accomplished on a defendant by leaving a copy of the summons with his wife, the wife's failure to notify the defendant of the service "is not ground for setting aside a judgment obtained by reason of such service. After the movant had filed a motion for a new trial and it had been overruled, he lodged the present appeal.

Herein, he contends, among other things, that the trial court abused its discretion in overruling his motion to vacate the default judgment previously entered against him in Cause No. S-1072, supra, citing cases showing, among other things, that default judgments are not favored in the law, whose policy it is, to have court actions tried on their merits. Respondents counter with the argument that the deputy sheriff's testimony was incompetent to impeach his own return on the summons; that without such inadmissible testimony the only evidence to show that movant had no notice, or knowledge, of Cause No. S-1072, supra, until after judgment had been entered therein, was his own uncorroborated testimony, which was insufficient to overcome the showing to the contrary. In the alternative, respondents maintain that, assuming movant had no such actual notice, or knowledge, because of his wife's failure to notify him of the delivery to her of the summons' copy, this does not, under the above case cited by the trial judge, constitute "unavoidable casualty or misfortune", or any other ground, for vacating judgments under Oklahoma statutes.

◼ We cannot agree with respondents' contention that the trial court's refusal to vacate the judgment must be upheld because the evidence was not clear, cogent and convincing as is required to contradict a sheriff's return on a summons and the recital of service in a judgment, for which contention respondents cite Neff v. Edwards, 107 Okl. 101, 230 P. 234; Bates v. Goode, 139 Okl. 141, 281 P. 558; McBride v. Cowan, 90 Okl. 130, 216 P. 104; and

Pettis v. Johnston, 78 Okl. 277, 190 P. 681. Respondents further maintain, upon the hypothesis that it constituted an impeachment of his return, that the trial court's admission of the deputy sheriff's testimony was error, citing some of the foregoing cases and Federal Tax Co. v. Board of County Com'rs of Okmulgee County, 198 Okl. 390, 178 P.2d 622; and, that when this inadmissible testimony is disregarded, the recitals of service in the return and judgment are left with only the uncorroborated testimony of the movant to negative them, which said testimony, standing alone, is generally considered insufficient for that purpose. See 72 C.J.S. Process § 102b. Respondents fail, however, to demonstrate, or to cite any authority showing, that the deputy's testimony should not have been admitted, as *amendatory,* rather than *contradictory,* of his return; and the record shows that this is the theory upon which the trial court admitted and considered it. In this connection, see 72 C.J.S., supra, § 113a, at Note 67, §§ 114, 116, 117. The effect of the officer's testimony was not to invalidate the service, nor the judgment based thereon; and, as respondents have failed to show that the trial judge abused his discretion in admitting it as amendatory of the return and "for the purpose of showing the true facts surrounding the service of summons", we think it should be considered for the same purpose in this appeal. When this is done, it will be seen that it corroborates the testimony of the movant to the extent, at least, of showing that the deputy served, or presented, him *personally* with *no* copy of the summons. Thus, with the officer's return considered, as thereby amended, to show substituted service, rather than direct personal service, the movant's testimony cannot be said to be wholly uncorroborated; nor is there anything whatsoever in the evidence of this case to contradict such showing that movant never, until after the default judgment was entered, received, from any source whatsoever, notice of the pendency of the action.

■ Here, the only question, is whether or not the trial court abused his discretion in overruling, on the ground that the movant had not shown unavoidable casualty and misfortune, a motion to vacate filed within the same term and only a few days after entry of the judgment sought to be vacated. Though appellate reversal of an order overruling such a motion requires a lesser showing of such abuse than does an order sustaining such a motion (Tippins v. Turben, 162 Okl. 136, 19 P.2d 605; Morrell v. Morrell, 149 Okl. 187, 299 P. 866) when we reject, as inapplicable, the decision, supra, which the trial court appears to have considered controlling, and the case is then considered on the basis of the same evidence he considered, it is readily apparent that only one conclusion can be arrived at, namely: That the movant, through no fault of his own, had no actual notice of the suit against him until after default judgment was entered therein. (There is not an iota of evidence to the contrary.) And, as a consequence of this situation, the movant has not had his day in court. As said in First Nat. Bank of Okmulgee v. Kerr, 165 Okl. 16, 24 P.2d 985–987:

"* * * while it is an important function of the trial courts that the litigation before them be determined and disposed of as rapidly as possible, it is of more importance that all of the litigants be given a reasonable opportunity to have their day in court, and to have their rights and liabilities tried upon the merits, for the latter is and should be the primary right of the parties and duty of the courts."

See also the quotation from Nash v. Treat, 45 Mont. 250, 122 P. 745, Ann.Cas.1913E, 751 in Morrell v. Morrell, supra.

■ In cases like the present one, where the motion to vacate is seasonably filed after the default judgment, and, as far as the record shows, no rights of strangers to the action have intervened, and the motion to vacate could well be granted without substantial delay or injustice, and denial of the motion may work a serious injustice, such denial constitutes an abuse of discretion and should, under the previous deci-

sions of this court, be reversed on appeal. See Gulf, C. & S. F. Ry. Co. v. Kellum, Okl., 261 P.2d 610. Accordingly, the order and judgment herein appealed from is reversed, and this cause is remanded to the trial court with directions to grant the movant, plaintiff in error herein, a new trial.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and JACKSON, JJ., concur.