[No. 1904.   Decided October 21, 1895.]

OLE M. HALTER, *Respondent*, v. THE SPOKANE SOAP WORKS COMPANY, *Appellant*.

VACATING JUDGMENT — CONDITIONS IMPOSED.

An order of the court granting a motion to vacate a default judgment for $500 upon condition that the defendant would give bond in the sum of $2,000, to secure the payment of any judgment that might be rendered against it, is not an abuse of the discretion vested in the court in such cases by Code Proc., § 221, when it appears that the object of the defendant was to postpone action for the purpose of

defeating the judgment on execution, and there is no showing of inability on the part of defendant to furnish the bond. (ANDERS, J., dissents.)

*Appeal from Superior Court, Spokane County.*

*H. M. Stephens* (*Jones, Voorhees & Stephens,* of counsel), for appellant.

*Dawson & Plattor* (*James E. Fenton,* of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action for personal damages for injuries alleged to have been received by respondent through the carelessness and negligence of the appellant while in its employ. Service was duly made upon the appellant, and upon failure to answer within the time required by law a default was asked for and granted; a jury was impaneled, testimony was offered and a judgment was rendered in favor of respondent for $500, the action having been brought for the sum of $10,000. After the entry of the judgment a petition was made by appellant to vacate the same on the ground that default had been suffered to be taken by reason of the inadvertence of counsel for appellant. After considering the showing made both by appellant and respondent the court granted the motion to vacate the judgment on condition that appellant should give bonds for the payment of any judgment which might be obtained against it in the sum of $2,000. From that portion of the order imposing this condition an appeal was taken to this court.

Conceding the right of the appellant to appeal before judgment in the original cause, we are unable to find, under the circumstances, any abuse of discretion on the part of the court. It is true the judgment was

only for $500 and the bond required was for $2,000, but under the affidavits filed in this case we think the court was warranted in coming to the conclusion that the object of the appellant was to postpone action in this case for the purpose of defeating the judgment on execution, if any should be obtained. The execution in this case for the collection of the judgment had already issued, and the showing made was to the effect that at that time the execution could be made out of property of the appellant, but that the appellant had openly asserted that he would prevent the collection of the judgment. There is no showing that appellant was unable to furnish the bonds required by the court, and that any real hardship was imposed upon it by the order of the court.

A matter of this kind being so largely in the discretion of the court, without an abuse of this discretion is plainly made to appear, this court does not feel justified in disturbing the orders of the lower court.

The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT, J., concur.

GORDON, J., not sitting.

ANDERS, J. (*dissenting*).—The statute upon which the motion to set aside the judgment in this case was based provides that the court may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Code Proc., § 221.

While I readily concede that the power to relieve from judgments, under this provision of the statute, is to a great extent discretionary, I do not think that the court possessed the power to arbitrarily impose terms

that were oppressive or unjust. Under the law no terms may be exacted but such as are just. *Hand v. Burrows*, 15 Hun, 481. And in my opinion the condition upon which the court was willing to grant the relief demanded by the appellant was palpably unjust. If it be true, as suggested, that it appeared that the defendant only desired to have the judgment vacated in order to defeat the claim of the plaintiff, it would seem too plain for argument that the motion should have been denied, as not being in furtherance of justice. On the other hand, if it appeared that the defendant was justly entitled to be relieved from the judgment, such relief should have been granted without the imposition of such unreasonable and, to my mind, unjust terms as were imposed upon the defendant in this case.

I therefore respectfully dissent from the conclusion reached by the majority of the court.