CAPONIGRI v. COOPER.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. JUDGMENT—OPENING DEFAULT—BOND—SCOPE—JUDGMENT ON APPEAL.

    An undertaking given in an action pending in the city court of New York City on the opening of a default judgment, conditioned that, if defendants should pay the plaintiff the amount of any judgment that might be finally recovered against them in the action, then the bond should be void, is binding on judgment being rendered for plaintiff on appeal to the court of appeals, stipulating for judgment absolute, though judgment was rendered for defendants in the city court, from which plaintiff appealed.

2. SAME—ORDER OPENING DEFAULT—BOND—VARIANCE.

    An order opening a default judgment was conditioned that defendants "give to plaintiff an undertaking to secure any judgment that may be recovered in said action, which undertaking is to be approved, on notice to plaintiff's attorney, and justification of the sureties, by one of the justices of this court, and to be given in the penalty of twice the amount of plaintiff's claim." A common-law undertaking was given, binding the parties executing it, jointly and severally, in a certain amount, and was conditioned that if defendants should pay the plaintiff the "amount of any judgment that may be finally recovered against them, then this ·obligation shall be void; otherwise to remain in full force and effect." *Held*, that the variance in the language of the order and the undertaking was not sufficient to affect the validity of the undertaking.

Appeal from trial term, New York county.

Action by Pasquale Caponigri against Henry G. Cooper. From a judgment for plaintiff, defendant appeals. Affirmed.

See 70 N. Y. Supp. 587.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

James C. De La Mare, for appellant.

Charles W. Dayton, for respondent.

LAUGHLIN, J.  This is an action on a common-law undertaking given by Pasquale Altieri and Pietro Altieri on opening a judgment which had been taken against them by default in the city court of the city of New York in an action wherein the respondent was plaintiff and they were defendants.  There were two actions pending, and two judgments by default, both of which were vacated on the same conditions, but only one of the undertakings is involved here.  The order opening the default granted the motion upon condition, among others, that the defendants "give to the plaintiff an undertaking in each of the above-entitled actions, executed by two sureties, to secure any judgment that may be recovered in said two actions, which undertakings are to be approved, upon notice to plaintiff's attorney, and justification of the sureties, by one of the justices of this court; and each to be given in the penalty of twice the amount of the claims of the plaintiff in each of the above-entitled actions."  The appellant joined in the undertaking as a surety, and it was duly approved, and bound the parties executing it, jointly and severally, in the sum of $2,100.  It was conditioned that if the defendants in the action pending in the city court should pay to the plaintiff therein (the respondent herein) "the just and full amount of any judgment that may be finally recovered against them in the action then pending in the city court, then this obligation shall be void; otherwise to remain in full force, effect, and virtue."  The action was subsequently brought to trial in the city court, and the defendant recovered a verdict, upon which judgment was entered.  On appeal to the general term (47 N. Y. Supp. 715) of the city court, taken by the plaintiff, that judgment was affirmed.  The plaintiff further appealed to the appellate term of the First department, where the judgment was again affirmed.  48 N. Y. Supp. 808.  An appeal was then taken to the appellate division by leave of the appellate term, and on such appeal the judgment was reversed, and a new trial ordered, with costs of the appeal in the several courts to plaintiff to abide the event.  51 N. Y. Supp. 418.  The appellate division then granted leave to the defendants to appeal to the court of appeals, which they did; stipulating judgment absolute, as required by law.  The court of appeals (59 N. E. 87) affirmed the judgment of the appellate division, and directed judgment absolute against the defendants for the relief demanded in the complaint, with costs.  On the 16th day of January, 1901, on the remittitur from the court of appeals, an order was duly made and entered in the city court making the order and judgment of the court of appeals its order and judgment; and judgment for the

plaintiff and against the defendants in that action for $2,282.75 was thereafter duly entered in the clerk's office of the city court, on the 18th day of January, 1901. The transcript of the judgment was filed and the judgment was duly docketed in the clerk's office of the county of New York, where the defendants resided; and an execution was duly issued on the judgment, and returned wholly unsatisfied. It appears that there has been no attempt to take an appeal from the last-mentioned judgment, and that the time for appealing, if an appeal could be taken therefrom, has expired.

The appellant contends that the order of the court and the undertaking contemplated that the liability on the undertaking should be limited to liability for a judgment recovered in the first instance in the city court, and that it should not be construed to embrace a judgment entered as the result of a stipulation for judgment absolute in the court of appeals. We think that both the order and undertaking should be construed in the light of the statutory provisions relating to appeals in such cases. The plaintiff at that time had a judgment. Presumably, there was a question with reference to the solvency of the defendants. The court, in requiring the undertaking, doubtless intended to secure the plaintiff on any judgment that he might recover in the action when the same should become final. Stress is laid upon the fact that the language of the order and of the undertaking with reference to the liability differ. This is not a statutory undertaking, and the variance is not sufficient to affect its validity. Whether the liability on the undertaking is to be determined by the phraseology of the order or by that of the undertaking is immaterial. In either event the plaintiff would be entitled to recover. The judgment was final, and it was not only recovered in the action, but was recovered in the court in which the action was commenced, was then pending. and in which judgment had been taken by default.

The judgment appealed from should be affirmed, with costs. All concur.