## MORRELL v. MORRELL et al.

No. 19649. Opinion Filed June 2, 1931.

McGuire, Marshall & Bodovitz, for plaintiff in error.

Leahy, Maxey & MacDonald, for defendant in error.

SWINDALL, J. On July 20, 1926, Mertie N. Morrell, as plaintiff, commenced this action in the district court of Tulsa county, Okla., against Laura Belle Morrell, Emma Johnson, and Mary Turley, as defendants, for the conversion of one Cadillac coupe automobile of the alleged value of $4,000. Plaintiff further alleges that the defendant Laura Belle Morrell is the owner of the following described real estate in the said county, to wit: The west half of the northeast quarter of section 18, township 20 north, range 13 east, less ten (10) acres in the northeast corner. That on or about the 29th day of May, 1926, the said defendant Laura Belle Morrell, for the purpose of defrauding this plaintiff and for the purpose of preventing this plaintiff from subjecting by lawful process the said property of said defendant to the satisfaction of plaintiff's said claim herein, conveyed the said property by warranty deed to Mary Turley. The plaintiff then prays judgment for $4,000 and for the cancellation of the deed.

The petition was filed by Phil W. Davis, Jr., attorney for plaintiff. On June 14, 1927, a praecipe for a third alias summons was filed in the office of the court clerk of Tulsa county, Okla., signed by McGuire, Marshall & Bodovitz, attorneys for plaintiff. Upon this praecipe a summons issued and was personally served on the defendant Laura Belle Morrell, June 15, 1927. At the time this summons was served upon her, W. E. Hudson and Thos. A. Aggas were her attorneys in certain probate matters pending in Osage county, Okla. She delivered the summons in this action to Thos. A. Aggas, giving him a statement of the facts and the name of a witness. On July 14, 1927, W. E. Hudson and Thos. A. Aggas filed a motion to require the plaintiff to make her petition more definite and certain. On October 15, 1927, this motion was overruled and defendant granted five days to plead or ten days to answer. No pleading or answer was filed in the time allowed, or otherwise. On November 17, 1927, counsel for plaintiff filed a motion for default judgment. On January 25, 1928, the plaintiff appeared by counsel and the defendant failed to appear either in person or by counsel, and the plaintiff offered her testimony and upon consideration thereof the court rendered judgment in favor of the plaintiff and against the defendant Laura Belle Morrell for $3,000.

Under section 3072, C. O. S. 1921, the time of convening the regular terms of the district court in Tulsa county is the first Monday in March, June, and November of each year. This default judgment was entered January 25, 1928, during the November, 1927, term. The record does not show on what date execution was issued, but it was after the expiration of the November term and during the March, 1928, term. The defendant claims she did not know that a judgment had been entered until the sheriff levied execution on her automobile. On the 16th day of April, 1928, the defendant filed her petition to vacate the default judgment and on the same date the district court of Tulsa county entered an order staying execution pending the hearing on said petition. On May 11, 1928, on the application of the defendant Laura Belle Morrell, the LaSalle automobile belonging to her and levied upon by the sheriff was released from the execution upon agreement in open court between the parties that the defendant give bond in the sum of $4,000 with sufficient sureties to be approved by the clerk of the district court of Tulsa county conditioned that the said defendant shall well and truly discharge and perform the final judgment of the court

in said action, or in the Supreme Court of the state of Oklahoma on appeal. The plaintiff answered the petition to vacate the judgment, and on June 8, 1928, the action to vacate was heard before Honorable Luther James, one of the judges of said district court of Tulsa county, and the judge who entered the default judgment on the 25th day of January, 1928. Upon consideration of the evidence the court vacated the judgment of January 25, 1928, and taxed all costs theretofore accrued, including the costs of the hearing, to the defendant, the petitioner to vacate the judgment. The plaintiff excepted to the judgment, filed a motion for new trial, which was overruled, and the plaintiff brings the action here to review the order of the trial court entered June 8, 1928, vacating the judgment of January 25, 1928. Hereafter the plaintiff in error will be referred to as the plaintiff and the defendant in error, Laura Belle Morrell, as defendant. It appears from the record that after the summons which was served upon the defendant was delivered to W. E. Hudson and Thos. A. Aggas, Mr. Aggas was the attorney with whom the defendant had her dealings. The record shows that she had several conversations with Mr. Aggas about this case and inquired of him when the same would come on for trial and he promised to keep her advised concerning the status of the same. After he filed his motion to make more specific, definite, and certain, he and Mr. Hudson and the defendant had a misunderstanding and each party seems to have become angry over their business transactions, more especially in regard to the fee charged the defendant by Hudson and Aggas in an estate proceeding. The defendant had been sued in two personal injury cases referred to in the record as the Harmon cases; she had left the summons in each of these cases with Hudson and Aggas. When they had their disagreement she got the summons she had left with Hudson and Aggas and took them to the law firm of Leahy, Maxey & MacDonald and employed them in these cases, but did not employ them in the case under consideration. After this disagreement and prior to the time that the default judgment was entered she was in the office of Hudson and Aggas and had a conversation with Mr. Aggas. She went there at that time to employ them in her inheritance tax matter. Prior to this visit Mr. Aggas had been informed by Mr. Bodovitz, one of plaintiff's counsel, that the case was set for trial and at that time he did not advise the defendant of that fact and did not tell her that he and Mr. Hudson would not look

after the case any further, and did not by letter, telephone, or otherwise advise her that her case was set for trial. The only notice given of the setting of the case is notice published in the Tulsa Daily Legal News, which seems to be a publication patronized largely by members of the bar and other business and professional men, but the defendant knew nothing of the publication. The defendant never at any time advised Mr. Hudson or Mr. Aggas that they were not to represent her in this case, and they never advised her that after the dispute about the fee in the probate case that they would no longer represent her. Prior to the dispute about the attorney fee defendant inquired of Mr. Aggas several times about the case and about when the same would come on for trial, and he told her that there was nothing for her to do at that time, and that he would let her know when anything came up in the case necessary for her to know. Mr. Aggas testified that:

"Phil Davis filed the case and I don't know whether I argued the case, but Mr. Bodovitz was given time to amend and they never amended and it rocked along several months. I talked to Mr. Bodovitz about it several times, and during the summer I filed a motion to dismiss. That hung a while and finally that was sustained as to Mary Turley, and up to this time Mrs. Morrell had not been served. Mr. Bodovitz caused several alias summonses to be issued, and finally got service on Mrs. Morrell. I have no idea in the world when it was, but I think it was some time in the summer. I filed a motion, I think, to make more definite and certain in this case on behalf of Mrs. Morrell that was overruled, and I afterwards filed another motion on behalf of Mrs. Turley to strike because they were attempting to get a new loan on their property, and the property being set out in the petition, I wanted to get it out entirely before the loan company would pass it, and that motion was disposed of by agreement between Mr. Bodovitz and myself."

The defendant is a woman of three-quarters Cherokee Indian blood without experience in court proceedings up to the time this action was commenced. She was sued by her sister-in-law; she asserts she did not convert the automobile and prays that she be permitted to file answer to the petition filed by the plaintiff and to litigate this case on its merits. Defendant offers to pay the costs accrued in the action and to conform to any other reasonable order that the trial court may make in that behalf.

The court made an order that she pay all costs, including the costs of the proceedings to vacate the default judgment, and that she

execute a good and sufficient bond in the sum of $4,000 conditioned that she will perform any judgment rendered against her.

Her attorneys owed her the duty to advise her when the case was set for trial and she relied upon them to perform that duty, and she was not guilty of negligence. If her attorneys understood they had been discharged, it was their duty to inform their client when they knew the case was set for hearing or, at least, to make a diligent effort to so advise her, and also to inform the court and have their names stricken as her counsel of record, and no doubt the court would then have directed the court clerk to notify the defendant that the cause was set for trial and that her attorneys had withdrawn from the case.

Under this state of the record, we are urged by the plaintiff to reverse the order of the trial court in vacating the default judgment entered against the defendant.

In the case of Shuler v. Viger, 103 Okla. 129, 229 Pac. 280, a default judgment was entered under circumstances very similar to the case at bar, and a petition was filed to vacate the judgment, and at the conclusion of the evidence the court sustained a demurrer to the evidence and refused to vacate the default judgment. This court on appeal reversed the judgment of the trial court on the ground of abuse of discretion, the syllabus being as follows:

"What constitutes abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent on the facts and circumstances surrounding each individual case. On appeal from such order this court will examine the record and determine therefrom if such discretion has been abused. Evidence in the present case examined and refusal held to constitute an abuse of discretion."

In that case this court quoted with approval the case of Nash v. Treat, 45 Mont. 250, 122 Pac. 745, wherein the Montana court held that:

"While the courts should adhere to the rule that a party who has suffered a default ought not to have relief except upon showing a substantial excuse for his apparent negligence, because the adverse party is justly entitled to the advantage which he has secured by the default, yet they should not indulge in refined distinctions or assign importance to matters of form which might result in a denial of justice. Each case must be determined upon its own facts, and when the motion is made promptly and is supported by a showing which leaves the court in doubt or upon which reasonable minds might reach different conclusions, the doubt should be resolved in favor of the motion."

This court then uses the following forceful language:

"Our judicial system is based upon the fair and just theory that every party to a lawsuit should be given an opportunity to be heard. Every litigant is entitled to his day in court. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause free from technical pitfalls."

Following the rule announced in the case cited from this state, this court in Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 Pac. 297, in passing upon a petition to set aside a default judgment filed after the term at which it was rendered, held that an application to set aside a default judgment filed after the term at which it was rendered is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse or discretion must be made where a judgment has been set aside than where it has been refused. In that case we quoted with approval from Lovejoy v. Stutsman, 46 Okla. 122, 148 Pac. 175, wherein this court said:

"It is the policy of the law to have every litigated case tried on its merits, and default judgments are viewed with disfavor."

Also, that:

"An order of a trial court granting a new trial will not be reversed unless it can be seen beyond all reasonable doubt that it has manifestly and materially erred with respect to some pure, simple, and unmixed question of law."

We have carefully examined the record and are of the opinion that the facts in the case at bar are within the rule announced by the former decisions of this court, and that the trial court did not abuse its discretion in vacating the judgment of January 25, 1928.

It will be noted that the judgment in this case was entered about 40 days before the end of the November, 1927, term which convened on the first Monday in November, 1927, and ended on the day preceding the first Monday in March, 1928. If execution had been issued immediately after the judgment was entered, there would be no question that the trial court would be justified in vacating the default judgment during the term at which the same was entered. While the procedure is different, we do not think that the trial court should be reversed for

abuse of discretion in setting aside a default judgment entered at the last term of the court, where execution was not taken out during that term and the suit was commenced as soon as the defendant had notice of the default, even though it was the next term of the court.

For the reasons herein stated, the judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.