GRAYSON et ux. v. STITH.

No. 32012. Feb. 12, 1946.

165 P. 2d 984.

Fred W. Martin, of Wagoner, for plaintiffs in error.

A. Camp Bonds and W. R. Banker, both of Muskogee, for defendant in error.

OSBORN, J. This action was commenced on July 31, 1934, by P. E. Grayson and Rosa Grayson, as plaintiffs, against J. O. Stith, as defendant, seeking to vacate a default judgment theretofore rendered against them and in favor of Stith in the district court of Wagoner county. When the matter came on for hearing the trial court sustained the defendant's motion for judgment on the pleadings and opening statement of counsel for plaintiffs, and on appeal this court, in Grayson v. Stith, 181 Okla. 131, 72 P. 2d 820, reversed the judgment of the lower court. Thereafter the trial court set the matter for hearing, heard the evidence, and at the conclusion thereof rendered judgment for the defendant, and plaintiffs appeal from this second judgment.

It is admitted that the answer attached to plaintiffs' petition to vacate judgment sufficiently stated a valid defense to the petition filed in the original action.

The evidence adduced at the hearing sufficiently established the averments of movants' petition and the statements made by counsel in the opening statement, which are set forth in the opinion above referred to. It showed that after Mr. C. E. Castle had withdrawn from the case and after Mr. E. L. Kirby had been employed by plaintiffs, the court overruled a demurrer theretofore filed in the cause by Castle, and that Kirby filed no further pleading in the case. The demurrer was overruled February 23, 1934, and some weeks thereafter the attorney for Stith, the plaintiff in that action, advised Kirby that he was in default, and at his suggestion Kirby was given 20 additional days within which to file an answer; that thereafter he stated to the attorney for Stith that he believed it would be to the best interest of his clients to have a judgment taken against them in order to cut off certain mortgages which were against the property. On July 31, 1934, no answer or other pleading having been filed in the case by Kirby, the attorney for Stith advised him that he was still in default and that he was on his way to the courthouse to take default judgment in the case. Before the default judgment was rendered the trial court called Kirby and requested him to come to the courthouse, and he did so and stated to the court that he was not able to find what in his opinion constituted any defense to the petition and that he had no defense to make. He refused to O.K. the journal entry, but stated that he was in no position to protest against the entry of the judgment against the Graysons. Thereupon the trial court rendered the default judgment which plaintiffs in this action seek to set aside. The record shows that Kirby did not advise the Graysons that he was unable to set up a good defense in the action, or that he was unable or unwilling to defend it,

so that they might employ other counsel. Plaintiffs were Negroes living upon a farm some distance from the city of Wagoner, and from their testimony relied implicitly upon Kirby, and after the matter was placed in his hands paid no further attention thereto, evidently assuming that if it was necessary for him to confer with them about the case he would so advise them.

This court has many times held that the neglect of an attorney is imputable to his client and that a judgment will not be set aside or vacated when obtained or rendered because of the neglect or inattention of an attorney. Sautbine v. Jones, 161 Okla. 292, 18 P. 2d 871; Wagner v. Lucas, 79 Okla. 231, 193 P. 421; Schneider v. Decker, 144 Okla. 213, 291 P. 80; Gavin v. Heath, 125 Okla. 118, 256 P. 745. But this court has repeatedly held that the act of an attorney in abandoning his client's case and withdrawing therefrom without notice to his client, thus permitting default judgment to be rendered against his client, without the client's knowledge and consent, was unavoidable casualty and misfortune which would justify the setting aside of such judgment. McLaughlin v. Nettleton, 47 Okla. 407, 148 P. 987; McLaughlin v. Nettleton, 69 Okla. 74, 183 P. 416; Simmons v. Harris, 108 Okla. 189, 235 P. 508; Bearman v. Bracken, 112 Okla. 237, 240 P. 713. It was upon this theory that this court, upon the first appeal of this cause, reversed the judgment of the lower court.

We think the case at bar falls within the rule announced in the cases last cited above, and that the judgment must be reversed. While the evidence shows that Kirby actually appeared in court and did not formally withdraw from the case as attorney for the Graysons, his action effectually prevented them from having their day in court, and gave them no opportunity to employ other counsel to prosecute their defense to that action. If his failure to file an answer or interpose any defense in the action had been due to oversight or neglect on his part, the

rendition of the judgment might be sustained under the rule announced in the cases first above cited. But from the evidence it appears that he was not only negligent, but that without notice to his clients he not only failed to make any defense for them, but, in effect, stated to the court that they had no defense to the action. This amounted to a withdrawal from the case as attorney and an abandonment of his clients' interests. In any event, we hold that the judgment against plaintiffs in the instant case was taken without any fault on their part, but was due solely to unavoidable casualty and misfortune which prevented them from having their day in court.

Reversed, with directions to vacate the judgment.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.