**DAVIDSON v. PICKENS.**

No. 35802.

Supreme Court of Oklahoma.

Oct. 6, 1953.

Henry A. Stanley, Ardmore, for plaintiff in error.

Champion and Wallace, By Wilson Wallace, Ardmore, for defendant in error.

CORN, Justice.

On October 11, 1951, plaintiff, as a holder in due course, sued the defendant Pickens, to recover upon a promissory note executed by him and which was past due and unpaid. Personal service was had upon defendant, who employed counsel to defend the action. Such counsel filed a Special Appearance and Motion to Quash which was overruled, and thereafter filed a motion to require plaintiff to furnish copies of the petition and exhibits. This motion was overruled upon showing of compliance therewith, and defendant was allowed time to plead. January 14, 1952, a minute was entered setting the case for trial, and on January 16th a default judgment was rendered against defendant for the amount of the note plus interest, attorneys' fees and costs.

February 25, 1952, defendant moved to vacate this default judgment for the reason that he had no notice of the trial; that he had valid defense to the action and that the judgment should be vacated and defendant be permitted to answer. A verified answer was attached to the motion to vacate, wherein defendant alleged the note sued upon had been fully paid and released by the original payee. Plaintiff filed answer to defendant's motion in form of a general denial, and also a demurrer to defendant's verified answer attached thereto.

Upon hearing of the motion the evidence disclosed that defendant, who was employed in California, was served with process while on a short visit in Carter county. Thereupon he employed counsel, paying them $20, with the understanding they should file some pleadings and put the case off until defendant could secure some annual leave and return to this state. Defendant then returned to his work and continued to maintain his residence at a hotel in San Diego, California. Defendant heard nothing further of the matter until advised of the rendition of the judgment by his son.

Defendant further testified he had executed the note sued upon to his former wife (Arkie I. Pickens), and that in a divorce action between them the note had been settled, and he therefore had a good defense to the present action since the note had been paid. Defendant introduced in evi-

dence copies of two letters, written by one of the firm of attorneys which he had employed, addressed to defendant at the hotel in San Diego where he resided. Both letters called defendant's attention to the fact that the attorney needed the complete facts in order to prepare an answer, which would have to be sworn to by defendant. The letters also mentioned that defendant would have to pay the attorneys their fee before they could proceed in the matter. Defendant positively testified that he had not received either of these letters; that at the hotel where he lived all the mail was put into one box, everyone living there used the same box and anyone could have picked up these letters.

Upon final consideration the trial court stated that while defendant's failure to defend might not have resulted wholly from unavoidable casualty, nevertheless he was entitled to his day in court, and that it was less prejudicial to vacate the judgment and grant a new trial than to permit the default judgment to remain in effect. The judgment was vacated and the case set down for trial on the October docket.

The only question to be considered on appeal is whether the trial court erred in vacating the default judgment on the ground defendant has suffered unavoidable casualty and misfortune which prevented his defending at the trial of the case.

█ Plaintiff contends the applicable rule is stated in syllabus 3 of Lindsey, v. Goodman, 57 Okl. 408, 157 P. 344, as follows:

"3. When 'unavoidable casualty or misfortune' is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches."

This undoubtedly is a correct statement of the law. However, the fact situation which gave rise to this pronouncement is greatly different from that in the present case. Therein the trial court had granted a first application to vacate a default judgment. The rule quoted was announced by this court on an appeal from the trial court's refusal to vacate a second default judgment.

Defendant points out that 12 O.S. 1951 § 1031(7) provides for the vacation of judgments "For unavoidable casualty or misfortune preventing the party from prosecuting or defending." And, further, that the application to vacate this judgment was made during the same term at which the judgment had been rendered, and in such instances the trial court had a wide discretion in opening or vacating judgments.

█ The application to vacate this default judgment was made during the term at which it had been rendered. In such instances the trial court is invested with a very wide discretion, particularly when all of the parties are present and no advantage is taken of either. Welborn v. Whitney, 179 Okl. 420, 65 P.2d 971. Furthermore, we have pointed out that the trial court's discretion to vacate a judgment under the statute, supra, always should be exercised to promote the ends of justice. Donley v. Donley, 184 Okl. 567, 89 P.2d 312.

█ We are of the opinion the trial court was correct in finding that defendant was prevented from defending at the trial without fault upon his own part, and there was no abuse of judicial discretion in vacating the default judgment rendered at the same term. See Long v. Hill, 193 Okl. 463, 145 P.2d 434.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.