**GULF, C. & S. F. RY. CO. v. KELLUM.**

**No. 35618.**

Supreme Court of Oklahoma.

Oct. 6, 1953.

Rainey, Flynn, Green & Anderson, Oklahoma City, for plaintiff in error.

Harold Springer, Ardmore, for defendant in error.

WELCH, Justice.

Herein it was shown that the defendant, after summons, acted with some diligence, and in full purpose to contest the plaintiff's claim, but became in default in the action solely at the fault and neglect of the defendant's attorneys and/or their employees, though in view of the organization of the work of representation of defendant in the firm of attorneys there are extenuating or excusing circumstances in this case; and, that, with promptness after the entry of the

default judgment, the defendant filed motion to vacate the judgment, and therewith tendered an answer stating a defense to the plaintiff's action. The motion and answer were filed in such time that had the motion been sustained, the plaintiff would have suffered no serious injustice, and no more loss of time in his right to a speedy trial and determination of his claim than if the answer had been filed within the time fixed in the summons. All of the circumstances demonstrate to the satisfaction of this court that the denial of the motion to vacate the default judgment results in a serious injustice to the defendant, which could have been avoided and which should have been avoided by granting the motion to vacate, upon the application of sound judicial discretion.

█ For the purpose of administering justice the district courts of this state have a wide and extended discretion in modifying, vacating, or setting aside judgments during the term at which they are rendered. The exercise of that discretion is subject to review and correction by the Supreme Court. Halliburton v. Illinois Life Ins. Co., 170 Okl. 360, 40 P.2d 1086, and First National Bank of Okmulgee v. Kerr, 165 Okl. 16, 24 P.2d 985.

It is well known that many appellate courts have long exercised the power, and followed the practice, of promulgating opinions in short form or in memorandum form as to the law and the facts. In so far as such judicial power and practice could receive legislative recognition, re-enforcement, declaration, or approval in this jurisdiction, that has all been supplied by Senate Bill 450, S.L.1953, p. 56, 12 Okl.St.Ann. § 976, where the amendment in reference to opinions of the Supreme Court reads:

"Provided, however, that in any case the opinion of the Court may be in such short form or memorandum form as to the questions of law and the facts involved as the Court deems proper, with or without detailed statement of the facts, all as the Court in its discretion may deem sufficient in that case."

We consider this opinion to be a sufficient statement of the questions of law and of the essential facts in the case.

█ The trial court, in an apparent effort to make some correction of the injustice, did make an order reducing the judgment by requiring a remittitur of $68,000 thereof, leaving the judgment to stand in the sum of $25,000 but under the circumstances shown herein we hold it was an abuse of discretion to refuse to vacate the default judgment.

The order of the trial court refusing to vacate the default judgment is reversed. The cause is remanded with directions to the trial court to vacate the default judgment, and to allow the defendant a reasonable time in which to answer.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.

O'NEAL, J., concurs in result.